## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES -- GENERAL

Case No.     **CV 16-4808-JFW (GJSx)**                                Date:  September 6, 2016

Title:       Kenneth Contreras -v- Performance Contracting, Inc., et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                            None Present
   Courtroom Deputy                          Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
   None                                      None

**PROCEEDINGS (IN CHAMBERS):**     ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE [filed 7/28/2016; Docket No. 22]

   On July 28, 2016, Plaintiff Kenneth Contreras ("Plaintiff") filed a Motion to Remand Case. On August 8, 2016, Defendant Performance Contracting, Inc. ("Performance Contracting") filed an Opposition. On August 15, 2016, Plaintiff filed a Reply.   Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's August 29, 2016 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

   On May 26, 2016, Plaintiff filed a Complaint against Defendants Performance Contracting and Brenton Larkey in Los Angeles County Superior Court alleging the following claims for relief: (1) wrongful termination; and (2) fraudulent concealment. The only claim for relief alleged against Larkey is the one for fraudulent concealment.  On June 30, 2016, Performance Contracting filed a Notice of Removal of Civil Action Under 28 U.S.C. §§ 1332(a)(1), 1441, 1446 ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  Although Plaintiff and Larkey are both citizens of California, Performance Contracting contended that Larkey had been fraudulently joined, and, thus, that his presence in this lawsuit should be ignored. Plaintiff now moves to remand this action, arguing that Larkey has not been fraudulently joined.

   A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th

Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). "[I]if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) (quotations and citations omitted). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)).

The Court concludes that Performance Contracting has failed to meet its heavy burden of demonstrating that there is no possibility that a California court would find that the Complaint states a cause of action against Larkey. *See, e.g., Fleet v. Bank of America, N.A.*, 229 Cal. App. 4th 1403 (2014) (finding that the allegations of plaintiff's complaint supported a claim for fraud against bank employees). Accordingly, Plaintiff's Motion to Remand Case is **GRANTED**. This action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.